# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 12-562V
Filed: June 7, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOYCELYN ALLEN, | * | No. 12-562V |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | Petitioner's Motion for a Decision |
| SECRETARY OF HEALTH | * | Dismissing the Petition; Insufficient Proof |
| AND HUMAN SERVICES, | * | of Causation; Vaccine Act Entitlement; |
| | * | Denial Without a Hearing |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jennifer A. Lenze, Lenze Law, PLC, El Segundo, CA, counsel for petitioner.
Tara J. Kilfoyle, United States Department of Justice, Washington, DC, counsel for respondent.

## DECISION[1]

On September 4, 2012, petitioner filed a petition seeking compensation in the National Vaccine Injury Compensation Program ("the Program" or "Act"). Petitioner alleged that she received three Gardasil or human papillomavirus vaccines (HPV) on April 30, 2009, July 13, 2009, and January 14, 2010, which caused her to suffer from seizures and migraines. The information in the record, however, does not show entitlement to an award under the Program.

On May 17, 2013, petitioner filed a Motion for a Decision dismissing her Petition. Petitioner asserts in her Motion that under the current applicable law, she will be unable to demonstrate entitlement to compensation in the Program. See Pet'r's Motion at 1. Accordingly, petitioner requests that the undersigned dismiss her petition. Id.

To receive compensation under the Program, a petitioner must prove either 1) that Ms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Allen suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that Ms. Allen suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Allen suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Allen's alleged injuries were vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records that have been filed do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master
